831 F.2d 290
 136 L.R.R.M. (BNA) 2392
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert ARBOGAST, Arthur Carr, Granville Carr, George
Currence, Harold Fisher, Michael Gear, Raymond Hamrick,
Robert Isner, Gray Kisner, Joseph Kisner, Stanley Lambert,
Russell Maxon Jr., Artie McDonald, David Moyer, Theodore
Newlon, Jack Painter, Dorman Phillips, Richard Pyles, D.E.
Rowan, Dempsey Jack Roy, Gary Roy, Jack D. Roy, Jr., John
Sanders, Ronald Schoonover, Hobert Shoemaker, Timothy Shomo,
Carl Simmons, Warren Smith, Chris Thompson, Linda Weese,
Robert Wetzel, Douglas White, Lee Roy Whitmire, Woodrow
Woods, Plaintiff-Appellant,
v.
CSX CORPORATION, a Corporation, CSX Minerals, Inc., a
corporation, Defendant-Appellee.
 No. 87-1581.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 28, 1987.
Decided: Oct. 2, 1987.
 
 Jacques Ralph Andre Williams (Hamstead, Hamstead & Williams on brief) for appellants.
 William Clemens Beatty (Huddleston, Bolen, Beatty, Porter & Copen), James D. Tomola on brief) for appellees.
 N.D.W.Va., 655 F.Supp. 371.
 AFFIRMED.
 Appeal from the United States District Court for the Northern District of West Virginia at Elkins. William M. Kidd, District Judge. (CA-86-59-E(K)).
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, former employees of Western Maryland Railroad Company, a subsidiary of CSX Corporation (CSX), sued CSX and CSX Minerals, Inc., in a West Virginia court, for violation of the West Virginia Wage Payment and Collection Act, W.Va.Code Secs. 21-5-1 et seq. alleging that, after layoff by CSX, none was paid his full wage by the next regular pay day as required by the West Virginia statute.[1] CSX removed the case to the district court. Thereafter the district court denied a motion to remand and ruled that the action was preempted by the exclusive and compulsory procedures of the Railway Labor Act.
 
 
 2
 Plaintiffs appeal and we affirm.
 
 
 3
 We agree with the district court that the case was removable. Plaintiffs each sought the recovery of only $7,000, a sum less than the jurisdictional amount even if there were diversity of citizenship, and the complaint on its face does not present a federal question. Nonetheless a case is removable when the preemptive force of the federal statute is so extraordinary that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, Inc. v. Williams, ___ U.S. ___ (1987); Metropolitan Life Insurance Company v. Taylor, 481 U.S. ___, 95 L.Ed.2d 55, 64 (1987).
 
 
 4
 This is such a case. The Railway Labor Act is a comprehensive and detailed framework to resolve both minor and major labor disputes in the railroad industry. 45 U.S.C. Secs. 152-153. The minor disputes provision of the Act provides for mandatory arbitration of all disputes "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions." Sec. 153 First (i). Minor disputes over wages must be submitted to a railroad's internal disputes resolution processes and then to a division of the adjustment board or an arbitration board selected by the parties. Judicial review of the determination of an adjustment board is "among the narrowest know to the law." Union Pacific Railway Co. v. Sheehan, 439 U.S. 89, 93-4 (1978). The courts of appeals have thus overwhelmingly endorsed the view that claims falling within the scope of the Act's minor dispute provisions convert a state law claim into a federal claim for purposes of removal jurisdiction. Graf v. Elgin, Joliet & Eastern Railway Co., 790 F.2d 1341, 1346 (7 Cir.1986); Schroeder v. Trans World Airlines, Inc., 702 F.2d 189, 191 (9 Cir.1983); McKinney v. International Association of Machinists and Aerospace Workers, 624 F.2d 745, 747 (6 Cir.1980).
 
 
 5
 After allowing removal of the case, the district court held that the plaintiffs' action was preempted by the Act. We agree. Through their state law claims, plaintiffs sought to have the district court determine their disputed entitlement to wages under the governing collective bargaining agreement. The only source of their right to the pay that they allege was withheld is the collective bargaining agreement. Their pay was not authorized by West Virginia law; West Virginia only authorized the penalty that attached to nonpayment if their basic right was established. See National Metal Crafters v. McNeil, 784 F.2d 817, 823-25 (7 Cir.1986) (Sec. 301 of Taft-Hartley Act preempts enforcement of state wage payment act where entitlement to wages under collective bargaining agreement is a matter of dispute). Adjudication of that basic right depends entirely on an interpretation of the collective bargaining agreement. It is one therefore that must be decided by arbiters and the adjustment board and not by the district court. See Atchison, Topeka & Santa Fe Railway Company v. Buell, 480 U.S. ___ (1987) (RLA "provides a comprehensive framework for the resolution of labor disputes").[2]
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The complaint, in separate counts, also asserted a class action by similarly situated employees of CSX's railroad subsidiaries and a claim against CSX Minerals, Inc., the alleged successor of Western Maryland Railroad Company
 
 
 [2]
 Plaintiffs rely on cases such as Atchison to argue that the Act does not preempt state or federal statutes establishing minimum labor conditions. Our holding in this case does no damage to this principle because it does not prevent the state from legislating a substantive standard, independent of the collective bargaining agreement, which would establish the wages due to an employee upon termination