Lawrence A. **HARPER**, Sr., **Plaintiff,**

v.

**TRW, INC., Defendant.**

**No. 94–CV–73932–DT.**

United States District Court, E.D. Michigan, Southern Division.

March 31, 1995.

Lawrence A. Harper, Sr., Detroit, MI, for plaintiff.

Sidney L. Frank, Troy, MI, for defendant.

## INTRODUCTION

ROSEN, District Judge.

On September 8, 1994, Plaintiff Lawrence A. Harper, Sr., acting *in pro per*, filed a two-count Complaint in Wayne County Circuit Court against TRW, Inc., a credit reporting agency. Mr. Harper seeks to preclude TRW from "selling" credit information about him. He claims he asked TRW to "remove his name from its data base", but TRW refused. Mr. Harper does not allege that the information regarding him purportedly "sold" by TRW is false.

In his Complaint, Mr. Harper alleges two theories of liability: (1) violation of the Michigan State Constitution's prohibition against involuntary servitude and (2) invasion of privacy.

On September 28, 1994, TRW removed the case to this court, asserting as the basis for its removal federal "preemption" under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

Plaintiff has now moved to remand the case contending that he is asserting purely state law claims, and, therefore, this court has no jurisdiction over the action. In response, TRW argues that, even though no Fair Credit Reporting Act violation was alleged on the face of Plaintiff's Complaint, jurisdiction in this court is nonetheless proper because Plaintiff's state law claims are preempted under Section 1681h(e) of the Act.

## DISCUSSION

The ultimate issue which the Court must decide is whether Plaintiffs' state law claims were properly removed to federal court. Although the parties have largely treated this issue as one requiring only a determination of whether Plaintiff's claims are "preempted" under the Fair Credit Reporting Act, as this

Court explained in *Burke v. Northwest Airlines, Inc.,* 819 F.Supp. 1352 (E.D.Mich. 1993), determination of the propriety of removal actually requires more: In addition to determining whether a particular federal act preempts the specific state law claims, the Court must also decide whether the statute in question is the type of federal act calling for application of the *"complete* preemption" doctrine.

## A. THE COMPLETE PREEMPTION DOCTRINE

A defendant may remove an action to federal court only if that court has original subject matter jurisdiction over the action. 28 U.S.C. § 1441. If a court lacks diversity jurisdiction over an action, as in the instant case, it must have federal question jurisdiction over the action in order to have subject matter jurisdiction. A court has federal question jurisdiction over an action when that action "arises under" the Constitution or law of the United States. 28 U.S.C. § 1331.

■ To determine whether a claim arises under federal law, a court, under the "well-pleaded complaint" rule, generally looks only to the plaintiff's complaint. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). If the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable. That a defendant raises a federal defense to a state law claim—including a preemption defense—is immaterial for jurisdictional purposes. As the Court explained in *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987):

> [I]t is now well settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

482 U.S. at 393, 107 S.Ct. at 2430 (citation omitted).

■ However, the Supreme Court has developed an exception to the well-pleaded complaint rule. If Congress intends that a federal statute "completely preempt" an area of state law, any complaint alleging claims under that area of state law is presumed to allege a claim arising under federal law. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–1547, 95 L.Ed.2d 55 (1987). The complaint may thus be removed to federal court and will be treated as alleging a federal cause of action, notwithstanding that on its face, the plaintiff's complaint alleges only a state-law cause of action.

The Supreme Court explained the "complete preemption" doctrine in *Caterpillar, Inc. v. Williams, supra* as follows:

> There does exist . . . an "independent corollary" to the well-pleaded complaint rule known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

482 U.S. at 393, 107 S.Ct. at 2430 (citations and footnote omitted). *See also, Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).[1]

The evolution of the doctrine of "complete preemption", as it has developed in the case law since *Avco,* has, not surprisingly, occasioned both confusion and disagreement among the federal circuit and district courts. Even today, it is hardly a model of consistency and clarity.

One thing, however, is clear—the Supreme Court has, in recent years, demonstrated a

---

1. For a detailed, historical analysis of the development of the "complete preemption" doctrine,

*see Burke v. Northwest Airlines, Inc., supra.*

reluctance to extend application of the "complete preemption" doctrine, and, in fact, has largely limited its finding of complete preemption to two federal statutes—the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a) ("ERISA"). *See Metropolitan Life Ins. Co. v. Taylor, supra; Caterpillar, Inc. v. Williams, supra; Avco Corp. v. Aero Lodge No. 735, supra.*[2]

In concluding that the complete preemption doctrine would apply in cases involving removal under the LMRA and ERISA, the Supreme Court looked to the jurisdictional grants in the LMRA and ERISA, and concluded that those jurisdictional grants evinced a congressional intent to completely preempt those areas of state law relating to, respectively, collective bargaining agreements and employee benefit plans.

Section 301 of the LMRA reads:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Similarly, section 502(f) of ERISA provides:

The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f).

In *Metropolitan Life Ins. Co. v. Taylor, supra,* the Court squarely faced the issue of whether the complete preemption doctrine—which until that time had only been applied with respect to the Labor Management Relations Act—should be extended to ERISA. In that case, the Court proceeded with its "complete preemption" analysis by first determining that the plaintiff's purely state-law based breach of employment contract suit "relate[d] to an employee benefit plan" and, therefore, was preempted under ERISA. 481 U.S. at 62, 107 S.Ct. at 1546.[3]

However, the Court expressly stated that preemption alone did not determine the removability of the action to federal court under the "complete preemption" doctrine. ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Id.* at 64, 107 S.Ct. at 1547.)

It was only after the Court was convinced—by virtue of the language in the jurisdictional grant in Section 502(f) of ERISA, and its similarity to the jurisdictional grant in Section 301 of the LMRA [discussed *supra*]—that Congress had manifested a clear intent that claims relating to employee bene-

---

**2.** In fact, the Court was even reluctant to extend the complete preemption doctrine to ERISA, even though it acknowledged that ERISA act has a "unique pre-emptive force."

In *Metropolitan Life Ins. Co. v. Taylor, supra* the Court stated:
Even with a provision such as § 502(A)(1)(B) that lies at the heart of a statute with the unique pre-emptive force of ERISA, however, we would be reluctant to find that extraordinary pre-emptive power, such as that found with respect to § 301 of the LMRA, that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. But the language of the jurisdictional subsection of ERISA's civil enforcement provisions closely parallels that of § 301 of the LMRA.
481 U.S. at 65, 107 S.Ct. at 1547.

Justice Brennan, in his concurring opinion in *Taylor,* re-emphasized the Court's ruling:
While I join the Court's opinion, I note that our decisions should not be interpreted as adopting a broad rule.... The court holds only that removal jurisdiction exists when, as here "Congress has *clearly* manifested an intent to make causes of action ... *removable to federal court.*" In future cases involving other statutes, the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court.
*Id.* (Emphasis in original.)

**3.** ERISA's explicit preemption provision, 29 U.S.C. § 1144(a), provides that the provisions of the Act "shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan....*"

fit plans be removable that the Court found the complete preemption doctrine applicable. *Id.* at 64–68, 107 S.Ct. at 1547–1548.[4] The *Taylor* Court specifically noted, however, that removal would be inappropriate absent a clearly manifested congressional intent to make certain state claims removable to federal court. *Id.* at 64–66, 107 S.Ct. at 1547.

The *Taylor* court explained:

[T]he touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress. Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction. In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.

481 U.S. at 66, 107 S.Ct. at 1548.

■ Thus, *Taylor* established a "two-pronged" test to determine whether the "complete preemption" doctrine should apply. The two-pronged test calls for, first, a determination of whether the plaintiff's state law claims are preempted, or replaced, by federal law. If the plaintiff's claims are preempted under federal law, then the Court must move to the second inquiry, which requires a determination of whether there is language in the particular federal statute or its legislative history from which to conclude that Congress intended to make the plaintiff's cause of action removable to federal court.

The Court will apply this two-pronged test in deciding whether Defendant's removal of Plaintiff's Complaint in this action was proper.

## B. *FCRA PREEMPTION OF PLAINTIFF'S COMPLAINT*

■ The Fair Credit Reporting Act, which is the federal law at issue in this case, has an explicit preemption provision. Section 1681h(e) provides, in pertinent part:

... [N]o consumer may bring any action or proceeding in the nature of defamation, *invasion of privacy*, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to [this Act], except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added).

Cases construing the Act have uniformly held that this "limitation of liability" provision in Section 1681h(e) operates to preempt state common law causes of action predicated upon proper disclosures under the Act. *See, Thornton v. Equifax, Inc.,* 619 F.2d 700 (8th Cir.1980), *cert. denied,* 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980) (state common law defamation action preempted at least to extent that a qualified immunity protects the reporting agency). *See also, Bloom v. I.C. System, Inc.,* 972 F.2d 1067 (9th Cir.1992); *Stevenson v. TRW,* 987 F.2d 288 (5th Cir.1993); (libel claim preempted under § 1681h(e)); *Grant v. TRW, Inc.,* 789 F.Supp. 690 (D.Md.1992) (Section 1681h(e) of the Fair Credit Reporting Act preempted consumer's Maryland common law claim for

---

**4.** The *Taylor* Court found further evidence of congressional intent that state claims that relate to employee benefit plans be deemed to be completely preempted in the legislative history of ERISA. The Court noted the following portions of the Conference Report on ERISA and the comments of Senator Williams, one of ERISA's sponsors:

With respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdictions. *"All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1947."* H.R.Conf.Rep. No. 93–1280, p. 327 (1974) (emphasis added).

    \*    \*    \*    \*    \*    \*

Senator Williams, a sponsor of ERISA emphasized ...

It is intended that [civil enforcement] actions will be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor Management Relations Act. 120 Cong.Rec. 29933 (1974)....

481 U.S. at 66, 107 S.Ct. at 1547–1548.

defamation); *Laracuente v. Laracuente,* 252 N.J.Super. 384, 599 A.2d 968 (1991) (consumer could not bring common-law action based on information disclosed pursuant to the FCRA absent a showing that information provided was false and furnished with malice or willful intent to injure; any other common law action is preempted).

Here, Plaintiff does not allege that any information disclosed by TRW about him or his business was false, or that it was disclosed with malice and the specific willful intent to injure him. His "invasion of privacy" claims is clearly preempted under the FCRA.

## C. *EVEN THOUGH PLAINTIFF'S INVASION OF PRIVACY CLAIM IS PREEMPTED UNDER THE FCRA, REMOVAL TO THIS COURT IS NOT PROPER*

Because we are dealing with *removal* under the *complete* preemption exception to the well-pleaded complaint rule, the Court's analysis is not be over. In addition to finding that Plaintiffs' invasion of privacy claims are preempted under Section 1681h(e), the Court must go on to determine whether there is sufficient indication in the FCRA or its legislative history of Congress's intent to make the Plaintiffs' cause of action removable to federal court.

There is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action such as Plaintiff's should be removable. Nor are there any reported federal decision has addressed the issue of removal under the complete preemption exception in the FCRA context.[5]

The plain jurisdictional language of the statute, in fact, weighs heavily *against* preemption.

Section 1681p provides in pertinent part:

An action to enforce any liability created under this subchapter may be brought in an appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction....*

15 U.S.C. § 1681p (emphasis added).

This grant of "concurrent" jurisdiction is wholly absent in the LMRA and ERISA. Indeed, the jurisdictional grants in both the LMRA and ERISA are grants of *exclusive* federal court jurisdiction. See Section 301 of the LMRA, 29 U.S.C. § 185(a) and Section 502(f) of ERISA, 29 U.S.C. § 1132(f) (discussed *supra* ).

The foregoing discussion makes clear that, while Defendant TRW may have an FCRA preemption defense to Plaintiff's invasion of privacy claims, the FCRA does not provide for the removal of the claims. Thus, removal of this action must be decided by application of the "well-pleaded complaint" rule.

As the Sixth Circuit recently explained in *Warner v. Ford Motor Company,* 46 F.3d 531 (6th Cir.1995):

The presence of a federal question ... in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.... A defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff

---

5. Defendant relies upon *Broom v. TRW Credit Data,* 732 F.Supp. 66 (E.D.Mich.1990). However, in that case, the plaintiff alleged a violation of the FCRA *on the face of his complaint.* Therefore, removal was proper under the well-pleaded complaint rule. No "complete preemption" issue was presented in that case. The same is true of *Thornton, supra; Bloom, supra;* and *Stevenson, supra.* Although it is true that in all of these cases, the courts found that state law libel/slander/invasion of privacy claims were preempted under § 1681h(e), propriety of removal was not an issue because, in addition to alleging state law libel, slander, and/or invasion of privacy claims in their complaints, the plaintiffs in all of those cases also alleged *on the face of their complaints* claims for violation of the FCRA. Thus, the "complete preemption" doctrine, for removal purposes, *was not called into question.*

would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Warner,* 46 F.3d at 534, quoting, *Caterpillar v. Williams, supra,* 482 U.S. at 398–399, 107 S.Ct. at 2433.

For these reasons, the Court finds that Defendant's removal of this action was improper and Plaintiff's motion to remand must be granted.[6]

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is GRANTED. Accordingly,

IT IS FURTHER ORDERED that this case be REMANDED to the Wayne County Circuit Court.

---

**6.** As this Court noted in *In re Air Disaster,* 819 F.Supp. 1352, 1366 n. 19 (E.D.Mich.1993), it finds "complete preemption" to be an artificial rule that does not represent sound jurisdictional policy. If an action presents enough of a "federal question" to support a finding that state law claims were intended by Congress to be replaced by federal law, then the action should be removable to federal court.

However, as the "complete preemption" doctrine has evolved through the case law, it appears to this Court that that statutory construction and jurisdictional policy has been supplanted by purely "judge-made law" for the policy reason of limiting access to federal courts. Although the policy of limiting access to the federal courts may well be laudable, it is not sound jurisdictional policy, at least so far as the governing jurisdiction and removal statutes currently provide.

Nonetheless, that "judge-made law" is precedent, and therefore, the Court is compelled to follow and apply that precedent.