Jessie D. SHERRON, Plaintiff,

v.

PRIVATE ISSUE BY DISCOVER, A DIVISION OF NOVUS SERVICES, INC., Novus Services, Inc., and Greenwood Trust Company, Defendants.

Civil Action No. 1:97cv238–D–A.

United States District Court,
N.D. Mississippi,
Eastern Division.

Sept. 9, 1997.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

The present cause is before the court upon the motion of the plaintiff to remand this matter to the County Court of Lowndes County, Mississippi. Finding that the motion is well taken, the court shall grant it and remand this cause.

### I. Procedural Background

The plaintiff instituted this cause by filing his complaint in the County Court of Lowndes County, Mississippi on June 12, 1997. The defendants subsequently filed a "Notice of Removal" on July 23, 1997, and removed the action to this court. The plaintiff moved on July 29, 1997, to remand this cause to state court, and the defendants have responded to that motion.

### II. Standard for Motion to Remand

■ This court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment. *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993); 28 U.S.C. § 1447. An objection to the subject matter jurisdiction of this court may be raised by any party at any time in the course of these proceedings, and may even be raised by the court *sua sponte*. *See Mall v. Atlantic Fin. Fed.*, 127 F.R.D. 107, 108 (W.D.Pa.1989); *Glaziers, Glass Workers of Jacksonville v. Florida Glass and Mirror of Jacksonville*, 409 F.Supp. 225, 226 (M.D.Fla.1976); 28 U.S.C. § 1447. Nevertheless, this court has no discretionary authority to remand federal-law actions to a state court. *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 304 (5th Cir.1993); *Buchner*, 981 F.2d at 817; *In re Wilson Indus.*, 886 F.2d 93, 96 (5th Cir.1989). The court in *Buchner* noted that there are only three situations under statute in which a federal trial court may remand a claim to state court. *Buchner*, 981 F.2d at 819. Those circumstances are: (1) a trial court has discretion to remand state law claims that were removed along with one or more federal question claims; (2) it must act on a timely motion to remand based on a defect in removal procedure; and (3) it must remand a case over which it has no subject matter jurisdiction.

*Id.* A district court exceeds its authority when it remands a case on grounds not permitted by statute. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976); *Buchner*, 981 F.2d at 820. There is a single exception to the *Thermtron* rule, and that exception is "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988). In *Carnegie–Mellon*, the court determined that retaining jurisdiction was inappropriate where only pendent state law claims remained to be decided after all federal claims had been dropped. *Carnegie–Mellon*, 484 U.S. at 354–56, 108 S.Ct. at 621–22.

■ When making determinations of whether remand is necessary, the defendant is the party who bears the burden of establishing that the removal to federal court is proper. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir.1981). Further, the removal statutes are strictly construed, and all doubts will be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979). In the case at bar, the defendants contend that this court has jurisdiction over the present action based upon federal question jurisdiction. More particularly, the defendants asseverate that this cause is governed by the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681, et seq. Therefore, the defendants carry the burden of establishing federal jurisdiction in this action.

### III. Discussion

#### A. Federal Question Jurisdiction—Generally

■ In determining if removal is proper, generally the determination that must be made is whether this court would have had original jurisdiction to hear this action if the

case had been filed here instead of state court. *Caterpillar v. Williams,* 482 U.S. 386, 391–92, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972); 28 U.S.C. § 1332. Jurisdiction based on diversity of the parties is not at issue in this case [1], and therefore there must exist some avenue of federal question jurisdiction to maintain the action in this court. In other words, some part of the action must be one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916) (Holmes, J.).

> One powerful doctrine has emerged, however—the "well-pleaded complaint rule"— which as a practical matter severely limits the number of cases in which state law "creates the cause of action" that may be initiated in or removed to federal district court . . .

*Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420, 430–31 (1983).

### B. The "Well–Pleaded Complaint" Rule

■ The existence of a federal question will depend upon the application of the well-pleaded complaint rule. If the face of the plaintiff's complaint reveals no issue of federal law, there is no federal question jurisdiction. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429, 96 L.Ed.2d at 327 ("The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's state-

ment of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Board,* 463 U.S. at 10, 103 S.Ct. at 2846, 77 L.Ed.2d at 430 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914)). In the case at bar, the face of the complaint reveals no federal question jurisdiction but rather actions based only upon state substantive law. Indeed, in his complaint, the plaintiff "specifically repudiates any and all federal causes of action. . . ." Plaintiff's Complaint, ¶ VI. The application of the well-pleaded complaint rule in this case does not reveal any federal question which would give this court jurisdiction over this cause.

### C. Federal Question Jurisdiction: Preemption

#### 1. Pre-emption of Plaintiff's Claims by the FCRA

■ This court need not decide whether the plaintiff's claims are preempted by federal law. If such preemption exists, it is available as a defense to the plaintiff's state-law claims. However, that a defendant is entitled to assert a federal law defense does not likewise entitle that defendant to remove the action to federal court and is not an exception to the well-pleaded complaint rule:

> [I]t is now well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is on the only question truly at issue.

*Caterpillar v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318, 327 (1987) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420, 431 (1983)); *see also Gaar v. Quirk,* 86

---

1. If diversity jurisdiction were at issue in this case, the determination would not greatly burden the court. This action was originally filed in a Mississippi County Court, and this court has previously ruled that the statutory jurisdictional limitations placed on Mississippi county courts, coupled with restrictions on judgment under the

Mississippi Rules of Civil Procedure, effectively prevent removal of actions to federal court based on the diversity of parties. *Foster v. FMC Corporation,* 1995 WL 368818 (N.D.Miss.) (ruling on plaintiff's motion to remand); *Fowler v. Leggett & Platt, Inc.,* 1995 WL 376937 (N.D.Miss.) (ruling on plaintiff's motion to remand).

F.3d 451, 454 (5th Cir.1996); *Merkel v. Federal Express Corp.*, 886 F.Supp. 561, 565 (N.D.Miss.1995).

■ In order for preemption to serve as a basis for removal, the plaintiff's claims must be *completely* preempted by federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Merkel*, 886 F.Supp. at 566.[2] It is unclear to the court whether the defendants understand the distinction, but the undersigned does note that the defendants argue the three part *Aaron*[3] test for complete preemption explained by this court in *Merkel.*

### 2. Complete Preemption of the Plaintiff's claims by the FCRA

■ The doctrine of "complete preemption" is one of the exceptions to the well pleaded complaint rule. While preemption of state law by federal law may be accomplished in various ways[4], the "complete" preemption of state law is not as common. "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character...." *Anderson v. Electronic Data Systems Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994) (citing *Metropolitan Life*, 481 U.S. at 62–64, 107 S.Ct. at 1548). In order to *completely* preempt state law and permit removal to federal court, a federal statutory scheme must:

1) provide a civil enforcement provision that creates a federal cause of action that replaces and protects the same interests as the preempted state law causes of action;

2) provide a specific jurisdictional grant to the federal courts to enforce the cause of action created by the federal statute; and

3) reflect a clear Congressional intent to make the preempted state claims removable to federal court.

*Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1164–65 (5th Cir.1989); *City of Laredo v. Texas Mexican Ry. Co.*, 935 F.Supp. 895, 897 (S.D.Tex.1996); *Merkel*, 886 F.Supp. at 566; *Brown v. Crop Hail Management*, 813 F.Supp. 519, 523–24 (S.D.Tex. 1993).[5]

In *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773, 787 (5th Cir.1990), the Fifth Circuit found that the Airline Deregulation Act of 1978 completely preempted that plaintiff's state law claims by the mere fact that Congress had included an express preemption provision within the statute. *Trans World Airlines*, 897 F.2d at 787. However, *Trans World Airlines* never mentioned nor discussed the *Aaron* decision and its essential requirements for complete preemption. *See Trans World Airlines*, 897 F.2d at 787; *Aaron*, 876 F.2d at 1163–65; *Rodriguez v. Shell Oil Co.*, 818 F.Supp. 1013, 1015–18 (S.D.Tex.1993). As *Trans World Airlines* was a panel decision, it cannot overrule the decision of the prior panel in *Aaron*.[6] "In

---

**2.** In *Merkel*, this court was faced with the contention that the Airline Deregulation Act preempted the plaintiff's state law claims to the extent that removal to this court was proper. *Merkel*, 886 F.Supp. at 567.

**3.** *See infra*, III(C)(2), p. 807.

**4.** In contrast to "complete preemption," a state law claim can be preempted by federal law in four ways: 1) where there is outright or actual conflict between federal and state law; 2) where compliance with both federal and state law is in effect physically impossible; 3) where there is implicit in federal law a barrier to state regulation; and 4) where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law. *Brown*, 813 F.Supp. at 525 n. 4.

**5.** For a more detailed discussion of the complete preemption doctrine and the various approaches taken by the various circuits, see Karen A. Jordan, *The Complete Preemption Dilemma: A Legal Process Perspective*, 31 WAKE FOREST L.R. 927 (Winter 1996). Ms. Jordan also notes the divergent views taken by the Fifth Circuit in the *Trans World Airlines* and *Aaron* decisions.

**6.** The reasoning utilized in *Trans World Airlines* was in fact espoused in an earlier Fifth Circuit decision. *Texas Employers' Ins. Ass'n v. Jackson*, 820 F.2d 1406 (5th Cir.1987), *vacated*, 862 F.2d 491 (5th Cir.1988). *Jackson* carries no precedential weight, however, as that opinion was vacated when the Fifth Circuit disposed of it upon *en banc* rehearing. *Jackson*, 862 F.2d 491 (5th Cir.1988).

the event of conflicting panel opinions from this court, the earlier one controls, as one panel of this court may not overrule another." *Heitkamp v. Dyke,* 943 F.2d 1435, 1442–43 (5th Cir.1991); *See also Texaco Inc. v. Louisiana Land and Exploration Co.,* 995 F.2d 43, 44 (5th Cir.1993); *Smith v. Penrod Drilling Corp.,* 960 F.2d 456, 459 n. 2 (5th Cir.1992). Regardless, the undersigned believes that the *Aaron* analysis is the correct one to be utilized in this context and is more in line with the relevant United States Supreme Court decisions, and shall not apply the "complete preemption" doctrine in a more expansive manner than required.

As already noted, part of the *Aaron* inquiry delves into whether Congress intended to create a new federal cause of action. For example, such an intent to create a new federal cause of action is reflected in both ERISA and in the LRMA:

> The district courts of the United States *shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties,* to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f) (Section 502 of ERISA) (emphasis added).

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, *without respect to the amount in controversy or the citizenship of the parties.*

29 U.S.C. § 185(a) (Section 301 of LMRA) (emphasis added). In both of these instances, it is clear that Congress intended to create entirely new causes of action over which the federal courts would have original jurisdiction.

As pointed out by the defendant, the text of the FCRA also contains a manifest congressional intent to create a new federal cause of action:

> An action to enforce any liability created under this subchapter may be brought in an appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction . . .

15 U.S.C. § 1681p. This provision reflects congressional intent to create entirely new causes of action over which the federal courts would possess jurisdiction. In light of the language of the statute, this court finds that the FCRA satisfies the first two prongs of the *Aaron* test.

■ What is not reflected in the text of the statute, however, is an intent to make preempted state law claims *removable* to federal court. There is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action such as the Plaintiff's to be removable. Indeed, the plain language of the statute empowers plaintiffs to bring FCRA claims in state court, thereby extending concurrent jurisdiction to the state courts. 15 U.S.C. § 1681p (noting claims "may be brought in an appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction* . . . .") (emphasis added). The only reported decision of which this court is aware regarding the issue at bar has determined that the FCRA does not "completely preempt" state law claims. *Harper v. TRW,* 881 F.Supp. 294, 299 (E.D.Mich.1995). Central to this decision was a finding by the court of a lack of Congressional intent to make those preempted claims removable. *Harper,* 881 F.Supp. at 299. This court agrees with the decision in *Harper* and its conclusion that the FCRA does not *completely* preempt state law claims so as to make them removable to federal court.

Again, this court stresses the fact that federal preemption of state law claims is not dispositive as to whether those claims are removable to this court. Therefore, this court makes no ruling as to whether the plaintiff's claims are preempted by federal law. Today's ruling of the court is limited to the specific issue of whether the plaintiff's state law claims are "completely preempted" so as to allow removal not that their removal to federal court was improper.

## IV.  Conclusion

After careful consideration of the submissions of the parties in this matter and in recognition of the fact that all doubts are to be decided against a proper removal, this court determines that the defendants have failed to carry its burden to demonstrate that this court possesses subject matter jurisdiction over the case at bar.  The court shall grant the motion of the plaintiff to remand this cause to the County Court of Lowndes County, Mississippi.

A separate order in accordance with this opinion shall issue this day.

### ORDER REMANDING CAUSE

Pursuant to a memorandum opinion issued this day, it is hereby ORDERED THAT:

1) the motion of the plaintiff to remand this cause is hereby GRANTED;

2) this cause is hereby REMANDED to the County Court of Lowndes County, Mississippi.  As to the preemption issue, this court makes no ruling as to whether the plaintiff's claims are preempted by federal law, but only rules that those claims are not sufficiently preempted to allow removal to federal court.

All memoranda, depositions, affidavits and other matters considered by the court in remanding this action are hereby incorporated and made a part of the record in this cause.