**James B. SWECKER, Plaintiff,**

v.

**TRANS UNION CORPORATION, Defendant.**

**No. CIV. A. 98–1653–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 23, 1998.

James B. Swecker, Arlington, VA, pro se.

Richard A. Bartl, Tyler, Bartl, Burke & Albert, Alexandria, VA, for Defendant.

## ORDER

BRINKEMA, District Judge.

For the reasons stated in the accompanying Memorandum Opinion, plaintiff's Motion to Remand Action to State Court is GRANTED, and it is hereby

ORDERED that this action be and is remanded to the General District Court of Arlington County.

The Clerk is directed to forward copies of this Order to counsel of record and plaintiff, *pro se,* and to remand this action forthwith to the Arlington County General District Court.

## MEMORANDUM OPINION

Before the Court is the *pro se* plaintiff's Motion to Remand Action to State Court. Because we find that the issues are ready for decision and oral argument would not further the decisional process, we will decide this motion on the pleadings.

## BACKGROUND

Plaintiff James B. Swecker originally brought this action for defamation in the Arlington County General District Court [1] based on allegations that defendant Trans Union Corporation had reported false and libelous information on his credit report. In his Motion for Judgment, plaintiff alleged that defendant acted "with actual malice, knowledge of the false statements contained therein, [and] with a reckless disregard for the truth." Motion for Judgment ¶ 20. De-

---

1. Swecker seeks compensatory damages of $8,000 and punitive damages of $7,000, bringing his claim to the General District Court's jurisdictional maximum.

fendant timely removed the action from state court, claiming that it raises a federal question by alleging conduct that would be a violation of the Fair Credit Reporting Act (FCRA). *See* 15 U.S.C. § 1681 *et seq.* (1994).

## ARGUMENT

In the instant motion, plaintiff asserts that removal was improper because his Motion for Judgment neither raises a federal question on its face nor falls under the "complete preemption" doctrine to the well-pleaded complaint rule. Defendant responds that the plaintiff's allegations raise questions of federal law, specifically concerning the FCRA, and that 15 U.S.C. § 1681h(e) preempts common law negligence claims.

The parties do not dispute that plaintiff never cited to the FCRA or any other federal statute in his Motion for Judgment. Defendant contends, however, that because plaintiff's Motion for Judgment asserts facts that could give rise to a federal cause of action under the FCRA, we should construe it as raising a federal claim. We reject this reasoning, which essentially would deprive plaintiffs of the right to choose what causes of action they bring to assert their rights and, secondary to that, the right to their choice of forum. Where a plaintiff has several causes of action available, he is permitted to choose among them. Plaintiff has plead this case purely under state law causes of action. Therefore, if jurisdiction in federal court is appropriate it must be by some exception to the well-pleaded complaint rule.

## I. Complete Preemption

 Generally, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). To justify federal court jurisdiction, the federal question must ordinarily appear on the face of the well-pleaded complaint. *See Caterpillar v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Although a defense of federal preemption directed to a state law cause of action may defeat that action, federal preemption generally "does not authorize re-

moval to federal court." *Metropolitan Life*, 481 U.S. at 63, 107 S.Ct. 1542. Therefore, even an explicit finding that a state law cause of action is preempted by federal law does not ordinarily make it removable.

 One exception to this rule is the "complete preemption" doctrine, which permits removal only when Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. 1542; *Richmond v. American Systems Corp.,* 792 F.Supp. 449, 453 (E.D.Va.1992). The key to determining whether this "complete preemption" doctrine can be invoked is congressional intent. *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225, 231 (4th Cir.1993). The obviousness of the preemption of the state law cause of action is completely irrelevant. *See Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. 1542 (noting that even when federal preemption is obvious, removal jurisdiction is still inappropriate in most cases). For complete preemption to permit removal, a court must find that Congress "has clearly manifested an intent to make causes of action within the scope of [the statutes] removable to federal court." *Id.* (noting Congress had stated that "[a]ll such actions in Federal or State courts are to be regarded as arising under the laws of the United States").

Most courts, including the Supreme Court, have limited the complete preemption doctrine to particular provisions of ERISA, *see id.,* and the Labor Management Relations Act. *See Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists & Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Harper v. TRW, Inc.,* 881 F.Supp. 294, 296–97 (E.D.Mich.1995) ("[T]he Supreme Court has, in recent years, demonstrated a reluctance to extend application of the 'complete preemption' doctrine, and, in fact, has largely limited its finding of complete preemption to" these two statutes). Although the Fourth Circuit has read this doctrine somewhat more expansively, permitting removal under the Copyright Act, *see Rosciszewski,* 1 F.3d at 232, the Federal Railway Safety Act, *see Rayner v. Smirl,* 873 F.2d 60, 63 (4th Cir.1989), and the Railway

Labor Act, *Arbogast v. CSX Corp.*, No. 87–1581, 1987 WL 38662, *1 (4th Cir. Oct.2, 1987), it has also recognized the crucial importance of a congressional intent to provide removal jurisdiction. *See Rosciszewski,* 1 F.3d at 232 (noting that Congress had stated "[t]he declaration ... in section 301 is intended to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively"). In addition, the Fourth Circuit has also looked to whether the statute provides federal courts with exclusive jurisdiction to hear the causes of action it creates as an indication of congressional intent. *Id.* (relying on Federal Railway Safety Act's grant of exclusive jurisdiction to federal courts to find complete preemption).

 The complete preemption exception to the *well-pleaded complaint rule* only applies where the federal preemption provision preempts all possible causes of action in a certain area, not just where it preempts some causes of action or even the specific cause of action at issue. *See Lancaster v. Kaiser Foundation Health Plan,* 958 F.Supp. 1137, 1143–46 (E.D.Va.1997) (distinguishing ERISA's complete preemption under § 502 from its narrower preemption defense under § 514). Removal of a cause of action plead purely under state law, therefore, is only appropriate in the narrow circumstance of a law preempting all possible state causes of action and for which congressional intent to allow removal is absolutely clear.

## II. Fair Credit Reporting Act

The FCRA is designed to protect consumers by regulating the actions of consumer reporting agencies. *See* 15 U.S.C. § 1681, *et seq.* As part of that protection, the Act provides a federal cause of action for consumers who allege that they have been harmed by a credit reporting agency. Coordinate with providing this cause of action, the FCRA preempts "any action or proceeding in

the nature of defamation ... with respect to the reporting of information against any consumer reporting agency ... based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). By its explicit terms, § 1681h(e) preempts only defamation actions that do not allege malice or willfulness.

Plaintiff asserts that the complete preemption exception does not apply to his defamation action because his Motion for Judgment alleges that defendant's actions were malicious and willful. This argument, as well as defendant's response,[2] misses the point. Whether a particular state cause of action is preempted is irrelevant to whether removal of it is appropriate. The complete preemption doctrine operates only when the statute at issue preempts all possible state actions that could otherwise be brought based on the facts alleged.

The two districts that have considered this jurisdictional issue have concluded that the FCRA does not mandate removal of state claims involving consumer credit reporting. *See Harper v. TRW, Inc.,* 881 F.Supp. 294 (E.D.Mich.1995) (noting that no reported federal decision had reached this issue before); *Sherron v. Private Issue by Discover,* 977 F.Supp. 804 (N.D.Miss.1997). While acknowledging that the FCRA would preempt the state law claims at issue in that particular case, the *Harper* court nonetheless found that removal jurisdiction was inappropriate because "[t]here is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action such as Plaintiff's should be removable." 881 F.Supp. at 299.

The *Sherron* court's holding also reflected the narrowness of the complete preemption doctrine's exception to the well-pleaded complaint rule. The court found that in order to constitute complete preemption, a federal statutory scheme must:

(1) provide a civil enforcement provision that creates a federal cause of action that

**2.** Defendant argues that plaintiff does not sufficiently allege malice or willfulness and that his negligence claims are preempted by the FCRA. Although we find that plaintiff has sufficiently alleged malice and willfulness, *see* Motion for Judgment ¶¶ 17, 18, 20, 21, it is not necessary to reach this issue to resolve plaintiff's motion.

replaces and protects the same interests as the preempted state law causes of action; (2) provide a specific jurisdictional grant to the federal courts to enforce the cause of action created by the federal statute; and (3) reflect a clear Congressional intent to make the preempted state claims removable to federal court. 977 F.Supp. at 807. Because the FCRA explicitly declines to replace all state causes of action or to provide exclusive jurisdiction in the federal courts, and fails to reflect clearly an intent to make claims removable, the court found that it does not provide for the removal of state law claims. In addition, Congress provided concurrent jurisdiction to hear FCRA actions for "any other court of competent jurisdiction." 15 U.S.C. § 1681p.

Defendant cites only one, unreported case in support of its position.[3] In *Williams v. Metropolitan Life Ins. Co.*, Civ. No. 94–3791, 1994 WL 529880, 1994 U.S. Dist. LEXIS 13682, *3 (S.D.N.Y. Sept. 28, 1994), the court found that a state law cause of action for negligence resulting from a "related credit search" was properly removed to federal court because "a plaintiff cannot conceal the existence of a federal question through artful pleading." Because the claim was related to credit reports and did not allege malice or willfulness, the court found that it properly raised a federal question under the FCRA and permitted removal. The court did not address the complete preemption doctrine.

 We adopt the reasoning in *Harper* and *Sherron* and find that state law claims are not removable under the FCRA, even if they are preempted by that statute. We reject the reasoning of the *Williams* decision as far as it conflicts with this finding. In doing so, we note that the decision was unreported, failed to consider the complete preemption doctrine, and was available to both the *Harper* and *Sherron* courts when they reached their decisions. Most significantly, we find that the explicit language of the FCRA makes clear that the statute does not completely preempt all state causes of action for defamation.

*III. Conclusion*

In state court, plaintiff clearly alleged a state law cause of action for defamation and chose not to pursue available remedies under the FCRA. Although some or all of his claims, at least to the extent they do not sufficiently allege malice and willfulness, may be preempted by the FCRA, this is a defense which the Arlington County General District Court may consider as to the merits of the case. The availability of that defense is not equivalent to a mandate for federal jurisdiction. Therefore, plaintiff's Motion to Remand Action to State Court will be GRANTED and this action will be remanded to the General District Court of Arlington County by an appropriate order.

The Clerk is directed to forward copies of this Memorandum Opinion to counsel of record.

---

3. Defendant cites four additional cases for the proposition that FCRA actions filed in state courts are properly removed to federal courts. In each of those cases, however, the plaintiff actually pled an explicit FCRA cause of action. Such cases are distinguishable from the instant action because plaintiff did not invoke the FCRA in his Motion for Judgment.