IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

JOHN WILLIAMS, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv471-MHT 
 ) (WO) 
CHARTER COMMUNICATIONS, ) 
INC. and ENHANCED RECOVERY ) 
COMPANY, LLC, ) 
 ) 
 Defendants. ) 

 OPINION AND ORDER 
 The question presented is whether this federal 
court has removal jurisdiction based on ‘complete 
preemption’ under the Fair Credit Reporting Act (FCRA), 
15 U.S.C. § 1681 et seq. For the reasons that follow, 
the court concludes that it does not and that, 
therefore, the plaintiff's motion to remand should be 
granted. 
 Plaintiff John Williams initially filed this 
lawsuit in state court. He brought claims for 
defamation and libel, asserting that defendants Charter 
Communications, Inc. and Enhanced Recovery Company, 
LLC, had falsely notified consumer reporting agencies 
that he had a delinquent account and had harmed his 
credit. 
 Enhanced Recovery, with the consent of Charter 
Communications, filed a notice of removal to federal 

court based on federal-question jurisdiction. Williams 
responded with a motion to remand. 
 While Enhanced Recovery acknowledges that Williams 
did not bring any federal claims on the face of his 

complaint, it contends that this court has removal 
jurisdiction based on federal-question jurisdiction 
under 28 U.S.C. § 1331 because Williams’s state claims 

are 'completely preempted' by FCRA. In light of the 
fact that Enhanced Recovery relied on a theory of 
complete preemption to remove this case, the question 
now before the court is whether FCRA supports this 

theory. As stated, the court concludes that it does 
not. 
 In general, any civil action brought in state court 
may be removed by a defendant to federal court if it 
could have been brought in federal court in the first 
instance. See 28 U.S.C. § 1441(a). The party seeking 
removal has the burden of establishing jurisdiction. 
See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th 
Cir. 2001). And, “[b]ecause removal jurisdiction 

raises significant federalism concerns, federal courts 
[should] construe removal statutes strictly. Indeed, 
all doubts about jurisdiction should be resolved in 
favor of remand to state court.” Univ. of S. Ala. v. 

Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) 
(citation omitted). 
 Federal-question jurisdiction exists when the civil 

action arises under the Constitution, laws, treaties of 
the United States. See 28 U.S.C. § 1331. Whether 
federal-question jurisdiction applies is generally 
governed by the “well-pleaded complaint” rule, which 

provides that a case arises under federal law “only 
when the plaintiff’s statement of his own cause of 
action shows that it is based upon those laws.” 
Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 
152 (1908). 
 However, there is an “independent corollary” to 
this rule known as the “complete preemption” doctrine. 
Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). 

Under this doctrine, a complaint that includes no 
federal-law claims on its face may nevertheless provide 
federal-question jurisdiction if it “raise[s] a select 
type of claim that has been singled out by Congress for 

federal preemption.” Pruitt v. Carpenters' Local Union 
No. 225, 893 F.2d 1216, 1218 (11th Cir. 1990) (citation 
omitted). This doctrine requires that the preemptive 

force of the statute be “so ‘extraordinary’ that it 
converts an ordinary state common-law complaint into 
one stating a federal claim for purposes of the 
well-pleaded complaint rule.” Blab T.V. of Mobile, 

Inc. v. Comcast Cable Comm’ns, Inc., 182 F.3d 851, 854 
(11th Cir. 1999) (citation omitted). 
 The Eleventh Circuit Court of Appeals has 
interpreted complete preemption narrowly and has 
cautioned that it should not be confused with the 
“broader and more familiar doctrine of ordinary 
preemption.” Id. at 854. Ordinary preemption 
“operates to dismiss state claims on the merits and may 
be invoked in either federal or state court,” while 

complete preemption “functions as a narrowly drawn 
means of assessing federal removal jurisdiction.” Id. 
at 854-55. A federal statute may preempt state causes 
of action in ordinary terms without necessarily 

conferring federal-question jurisdiction through 
complete preemption. See Smith v. GTE Corp., 236 F.3d 
1292, 1313 (11th Cir. 2001) (“[O]ur conclusion that the 

complete preemption doctrine does not provide a basis 
for federal jurisdiction in this action does not 
preclude the parties from litigating about the 
preemptive effect, if any, of the FCC's orders or the 

Communications Act [47 U.S.C. § 151, et seq.] in any 
subsequent state court action.”). 
 Whether there is ordinary preemption in this case 
is a close question. See Hamilton v. Midland Funding, 
LLC., 2015 WL 5084234, at *6 (N.D. Ala. Aug. 27, 2015) 
(Kallon, J.) (“FCRA preemption of state law torts is an 
area of little agreement among this district’s 
judges.”). However, it is not a question this court 
need reach, because it is clear that FCRA does not 

exert the ‘extraordinary’ level of preemptive force 
necessary for this court to have removal jurisdiction. 
 The Eleventh Circuit has observed that the complete 
preemption doctrine is limited in its application and 

has cautioned that courts should hesitate to extend it 
to new areas of law. See Blab T.V., 182 F.3d at 856 
(“These cases reveal that, although the Supreme Court 

recognizes the existence of the complete preemption 
doctrine, the Court does so hesitatingly and displays 
no enthusiasm to extend the doctrine into areas of law 
beyond the LMRA [Labor Management Relations Act of 

1948, 29 U.S.C. § 185] and ERISA [Employee Retirement 
Income Security Act, 29 U.S.C. § 1132].”). In 
determining whether complete preemption exists, the 
most important factor for a court to consider is 
Congress’s intent. Id. at 857. Courts must determine 
whether Congress, in fashioning the law, meant to 
“grant a defendant the ability to remove the 
adjudication of the cause of action to a federal court 
by transforming the state cause of action into a 

federal one.” Id. (brackets, internal quotation marks, 
and citation omitted). 
 Here, the defendants have not shown, and this 
court’s review has not found, any indication that 

Congress intended FCRA to completely preempt state law 
so as to grant removal jurisdiction. Nearly every 
district court that has addressed this question has 

come to the same conclusion. See, e.g., Watkins v. 
Trans Union, LLC, 118 F. Supp. 2d 1217 (N.D. Ala. 2000) 
(Acker, J.); Swecker v. Trans Union Corp., 31 F. Supp. 
2d 536 (E.D. Va. 1998) (Brinkema, J.); Sherron v. 

Private Issue by Discover, a Div. of Novus Servs., 
Inc., 977 F. Supp. 804 (N.D. Miss. 1997) (Davison, J.); 
Harper v. TRW, Inc., 881 F. Supp. 294 (E.D. Mich. 1995) 
(Rosen, J.).1 
 Indeed, the jurisdictional language of the statute 
indicates that Congress did not craft FCRA to preempt 
completely all state claims. While completely 

preemptive statutes such as LMRA or ERISA grant 
exclusive federal jurisdiction, the jurisdictional 
grant under FCRA allows for concurrent jurisdiction. 
See 15 U.S.C. § 1681p (“An action to enforce any 

liability created under this subchapter may be brought 
in an appropriate United States district court without 
regard to the amount in controversy, or in any other 

court of competent jurisdiction.”) (emphasis added). 
The Eleventh Circuit has explained that provisions 
which demonstrate a “broad policy of preserving state 
authority except in areas in which the exercise of this 

 1. In the two cases in which district courts found 
complete preemption under FCRA, Crump v. Bank of Am., 
2016 WL 4926425 (D.N.J. Sept. 14, 2016) (Hillman, J.); 
Williams v. Metropolitan Life Ins. Co., 1994 WL 529880 
(S.D.N.Y. Sept. 28, 1994) (Haight, J.), the discussion 
of jurisdiction seemed to conflate ordinary and 
complete preemption. 
authority would be inconsistent with federal law,” such 
as concurrent jurisdiction provisions, counsel against 
a finding of complete preemption because “[t]hese 
provisions contemplate the application of state-law and 
the exercise of state-court jurisdiction to some 

degree.” Blab T.V., 182 F.3d at 857-58. The grant of 
concurrent jurisdiction in FCRA suggests that Congress 
did not intend it to have the same “unique preemptive 
force” as the LMRA and ERISA, undermining the idea that 

FCRA should be read as completely preemptive. Id. at 
858; see also Harper, 881 F. Supp. at 299 (holding that 
FCRA’s grant of concurrent jurisdiction “weighs heavily 

against preemption”). 
 The two FCRA preemption sections are also narrowly 
drawn. Section 1681h(e) creates an exception to its 
preemptive effect for state law claims where malice or 

willful intent to injure the consumer is involved. See 
15 U.S.C. § 1681h(e) (“[N]o consumer may bring any 
action or proceeding in the nature of defamation, 
invasion of privacy, or negligence with respect to the 
reporting of information ... except as to false 
information furnished with malice or willful intent to 
injure such consumer.”) (emphasis added). Section 
1681t(b)(1)(F) is more expansive, preempting any 
“requirement or prohibition ... imposed under the laws 

of any State with respect to any subject matter 
regulated under section 1681s-2.” However, it still 
sets forth only a discrete preemption that “in no way 
resembles Congress’ grant of complete preemption” under 

completely preemptive statutes. King v. Retailers Nat. 
Bank, 388 F. Supp. 2d 913, 916 (N.D. Ill. 2005) (St. 
Eve, J.); see also Watkins, 118 F. Supp. 2d at 1222. 

 Nor is there any evidence in the legislative 
history that Congress intended to make preempted state 
law claims removable to federal court. See Watkins, 
118 F. Supp. 2d at 1222; see also Sherron, 977 F. Supp. 

at 808 (“There is nothing in the legislative history or 
the FCRA itself to establish that Congress intended 
that state law causes of action ... be removable.”). 
The absence of any mention of what would have been a 
significant jurisdictional decision is further strong 
evidence that Congress never meant FCRA to be 
completely preemptive. See Blab T.V., 182 F.3d at 857 
(“We view the absence of such a statement in the 
legislative history to be a persuasive argument against 

finding complete preemption.”). 
 Because it is clear that no federal question 
appears on the face of Williams’s complaint, and 
because FCRA does not completely preempt the state 

claims for the purposes of removal, this court lacks 
jurisdiction to hear this case.2 Enhanced Recovery 
Company’s removal of this action was therefore 

 2. In his motion to remand, Williams raises two 
separate issues. First, despite the fact that Enhanced 
Recovery removed based on federal-question 
jurisdiction, Williams notes that the court lacks 
diversity-of-citizenship jurisdiction under 28 U.S.C. 
§ 1332 because his state complaint requested only 
$ 20,000 in damages. Because the defendants do not 
assert diversity jurisdiction, the court need not 
address this issue. Second, he points out that neither 
Enhanced Recovery nor Charter Communications is itself 
a credit reporting agency, nor are his claims based on 
required disclosures to such agencies. As a result, he 
argues, FCRA is inapplicable. Whether FRCA is 
applicable and whether there is ordinary preemption are 
improper, and Williams's motion to remand should be 
granted. 
 * * * 
 Accordingly, it is the ORDER, JUDGMENT, and DECREE 
of the court that plaintiff John Williams’s motion to 

remand (doc. no. 4) is granted and that, pursuant to 28 
U.S.C. § 1447(c), this cause is remanded to the Circuit 
Court of Elmore County, Alabama, for want of 
subject-matter jurisdiction. 

 The clerk of the court is DIRECTED to take 
appropriate steps to effect the remand. 
 This case is closed in this court. 

 DONE, this the 10th day of November, 2020. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

issues left for resolution by the state court after 
remand.