D'Angelo WASHINGTON, Plaintiff,

v.

DIRECT GENERAL INSURANCE AGENCY, INC.; Bob Bates; and Ford Motor Credit Company, Defendants.

CIV.A. No. 3:99–CV–883WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 29, 2000.

Halbert E. Dockins, Jr., Melvin L. Pace, Law Offices of Halbert E. Dockins Jr., Ellie F. Turnage, Dockins Law Office, Jackson, MS, for D'Angelo Washington.

Kent Elliot Smith, Michael L. Dulaney, Webb, Sanders, Balducci & Smith, P.L.L.C., Oxford, MS, .Ross E. Henley, Henley, Lotterhos & Henley, Jackson, MS, for Direct General Insurance Agency, Inc., Bob Bates and Ford Motor Credit Company.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before this court is plaintiff's motion to remand this lawsuit to the Circuit Court of Hinds County, Mississippi, where it was filed originally. Plaintiff here is D'Angelo Washington. The defendants are Direct General Insurance Agency, Inc.; Bob Bates; and Ford Motor Credit Company. After plaintiff filed this lawsuit in state court, the defendants, pursuant to Title 28 U.S.C. § 1441,[1] removed this action to this federal forum on the basis of federal question jurisdiction. More specifically, in their removal papers, defendants contend that plaintiff's complaint has asserted a cause of action under the Fair Credit Reporting Act (FCRA), Title 15 U.S.C. § 1681, et seq., a federal statute which would provide this court subject matter jurisdiction under Title 28 U.S.C. § 1331.[2]

In his motion to remand, filed under the auspices of Title 28 U.S.C. § 1447(c),[3]

---

1. Title 28 U.S.C. § 1441(a) states in pertinent part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending...."

2. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Title 28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

plaintiff argues that his lawsuit should be sent back to state court because his complaint relies solely upon state law causes of action and, further, that nowhere in his complaint does he mention the Fair Credit Reporting Act.

This court, nevertheless, is persuaded by defendants' argument. While plaintiff does not specifically mention the Fair Credit Reporting Act, plaintiff mentions instead the "Fair Faith and Credit Act" which, in the context of its usage, convinces this court that plaintiff simply misnamed the Fair Credit Reporting Act. Accordingly, this court denies plaintiff's motion to remand.

### Factual Background

On May 23, 1997, the plaintiff entered into an automobile lease agreement with defendant Ford Motor Credit. The plaintiff leased a 1997 Ford Expedition utility vehicle and was set up with a monthly payment plan of $365.20.

On August 6, 1997, the plaintiff obtained automobile insurance from defendant, Direct General Insurance, through its agent, defendant Bob Bates. This insurance policy subsequently was canceled upon plaintiff's failure to pay the premium. Thereafter, the plaintiff entered into a second contract with defendant Bob Bates, who, at all times pertinent hereto, was an agent of defendant Direct General Insurance Company. The second automobile insurance contract was executed on December 31, 1997, and plaintiff tendered a down payment at that time.

On May 15, 1998, the engine of plaintiff's truck caught fire, causing a part of the vehicle to become engulfed in flames, which resulted in some damage to both the interior and exterior of the truck. The defendants, Ford Motor Credit and Direct General Insurance, went out to the home of the plaintiff and each made an assessment on the damages done to the truck. Subsequent to Direct General's investigation, the plaintiff was informed that his insurance had been canceled effective February 11, 1998, due to insufficiency of down payment. Plaintiff contends that he was never informed by the insurance agent, Bob Bates, that the down payment tendered by the plaintiff had been insufficient to bind coverage on plaintiff's truck.

On August 27, 1997, Ford Motor Credit repossessed the truck from the plaintiff's home, for plaintiff's alleged failure to pay the required monthly lease payment. The truck was then taken to a local Ford dealership in Lawrence, Kansas, and later to Insurance Auto Auction in Kansas. On September 23, 1998, the truck was sold for $9,900.00.

The plaintiff asserts that he was neither informed of the sale of the vehicle, nor given an opportunity to purchase the vehicle. Further, charges plaintiff, he was informed that his credit report showed a delinquent balance of $17,162.41 owed to Ford Motor Credit. As a result, says plaintiff, he was unable to purchase the vehicle. According to plaintiff, this action by Ford Motor Credit has resulted in the plaintiff's inability to access credit for any other purchases or other financial business.

Plaintiff's allegations relative to his contention that Ford Motor Credit improperly reported a delinquent balance due under the lease agreement to credit bureaus is set forth in ¶ 15 of the Complaint as follows:

15. Upon attempting to purchase another vehicle later that year, the plaintiff, D'Angelo Washington, was informed that his credit report showed a delinquent balance of $17,162.41 owed to Ford Motor Credit; as a result, the plaintiff was unable to purchase the vehicle. Such actions by Ford Motor Credit have resulted in the plaintiff's inability to access credit for any other purchases or other financial business.

The Complaint goes on to assert in ¶ 23 that certain actions of the defendants constituted gross negligence, including the following:

c. their intentional, deliberate, and willful failure to properly adhere to the terms of the Fair Faith and Credit Act.

d. their intention, deliberate, and willful damaging of plaintiff's credit rating.

The Complaint concludes that plaintiff has been damaged by the actions of defendants because: (1) plaintiff "has been unable to secure credit or make purchases that require a good credit rating;" (2) plaintiff "has a negative credit record which will remain a part of his permanent financial record for the next seven years, thereby rendering him incapable of securing credit or making purchases, and possibly being denied housing and/or employment for that period of time;" and (3) plaintiff has a "negative credit record that severely hinders his chances of procuring federal financial aid to help finance his educational endeavors." (Complaint ¶¶ 25–27).

### *Standards for Removal*

 District courts are granted federal question jurisdiction of all civil claims "arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1331. An action is removable under Title 28 U.S.C. § 1441(b) if the district court would have had original federal question jurisdiction of the matter when filed. In other words, removal is appropriate if the action could have been filed originally in federal court. *See Aaron v. National Union Fire Ins. Co. of Pittsburg*, 876 F.2d 1157, 1160 (5th Cir.1989), *reh'g denied*, 886 F.2d 1314 (5th Cir.1989) (defendant may remove state court action if action could have been filed originally in federal court); *Merkel v. Federal Express Corp.*, 886 F.Supp. 561, 564 (N.D.Miss. 1995) (removal is proper if the court would have had original jurisdiction to hear the matter if initially filed in federal court as opposed to state court).

 Removability is to be determined from the face of the complaint as it exists at the time of removal. Under the "well-pleaded complaint rule," federal courts have original or removal jurisdiction over only those cases in which a well-pleaded complaint establishes that the plaintiff's remedy depends on resolution of a substantial question of federal law, or that the cause of action is created under federal law. *Herrington v. J.R. Pounds, Inc.*, 874 F.Supp. 133, 136 (S.D.Miss.1995). Thus, the court must examine the complaint filed by plaintiff to determine if removal is appropriate.

 This court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment. *Sherron v. Private Issue by Discover, A Division of Novus Services, Inc.*, 977 F.Supp. 804, 805 (N.D.Miss.1997); *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993); Title 28 U.S.C. § 1447. An objection to the subject matter jurisdiction of this court may be raised by any party at any time in the course of these proceedings and may even by raised by the court *sua sponte. MCG Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Title 28 U.S.C. § 1447. This court has no discretionary authority to remand federal law actions to a state court. *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 304 (5th Cir.1993); *Buchner*, 981 F.2d at 817; *In re Wilson Indus.*, 886 F.2d 93, 96 (5th Cir.1989).

 The defendant is the party who bears the burden of establishing that the removal to federal court was proper. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir.1981). Further, the removal statutes are strictly construed, and all doubts will be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979).

### *Analysis*

 The sole interrogatory here is whether plaintiff's complaint asserts a

claim under the Fair Credit Reporting Act, Title 15 U.S.C. § 1681, et seq., ("FCRA"). This court has original federal question jurisdiction over actions brought under the FCRA without regard to the amount in controversy, Title 15 U.S.C. § 1681p. Thus, actions brought in state court under the FCRA are removable to federal district court. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir. 1998). So, here, if plaintiff's complaint asserts a FCRA claim, then defendants properly removed this lawsuit from state court to this federal forum.

In his memorandum brief in support of his motion to remand, plaintiff argues that federal question jurisdiction is lacking here because the face of his complaint shows no reliance upon any federal law, but rather defendants' misdeeds based only upon state substantive law. Plaintiff argues on pages 3 and 6 of his brief that the only statutes in issue are Miss.Code Ann. § 75–9–501,[4] et seq., which govern a secured party's remedies upon default, and § 83–11–5,[5] et seq., which govern cancellation or non-removal of insurance policies.

Additionally, plaintiff argues that his state law claims are not preempted by the Fair Credit Reporting Act, citing Title 15 U.S.C. § 1681p and *Sherron v. Private Issue by Discover, A Division of Novus Services, Inc.*, 977 F.Supp. 804 (N.D.Miss. 1997).

This court is not impressed with plaintiff's argument. Clearly, §§ 75–9–501, et seq., and 83–11–5, et seq., have nothing to do with plaintiff's claims that the lease debt to Ford Motor Credit improperly appeared on his credit report and that defendants willfully damaged his credit.

Although plaintiff does not expressly mention the FCRA in the complaint, the plaintiff does assert violation of the "Fair Faith and Credit Act." Plaintiff has identified no Mississippi nor federal statute known as the "Fair Faith and Credit Act;" however, a review of the provisions of the FCRA makes it obvious that the complaint seeks to assert a claim under the FCRA and that plaintiff has simply misstated the name of the FCRA as the "Fair Faith and Credit Act."

The FCRA governs the use of and the procedures related to credit reports. It sets forth responsibilities related to consumer reporting agencies and also the responsibilities of furnishers of information to consumer reporting agencies. The FCRA provides for civil liability due to both willful and negligent non-compliance, Title 15 U.S.C. §§ 1681n and 1681o. In this case, the complaint expressly alleges that information was improperly placed on his credit report, thereby damaging his credit rating. In fact, the damages asserted by plaintiff in the complaint relate, almost exclusively, to plaintiff's ability to obtain credit and to plaintiff's credit rat-

---

**4.** Miss.Code Ann. § 75–9–501 states in pertinent part:

Default: Procedure When Security Agreement Covers Both Real and Personal Property.

(1) When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and except as limited by subsection (3) those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. If the collateral is documents, the secured party may proceed either as to the documents or as to the goods covered thereby.

**5.** Miss.Code Ann. § 83–11–5 states:

No notice of cancellation of a policy to which Section 83–11–3 applies shall be effective unless mailed or delivered by the insurer to the named insured at least thirty (30) days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given. Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen (15) days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation.

ing. Clearly, these factual allegations are intended to assert a violation of the FCRA.

### CONCLUSION

This court is satisfied that defendants have met their burden of establishing that their removal of this lawsuit to this federal court was proper. In this court's eye, plaintiff's complaint seeks recompense under the Fair Credit Reporting Act, a federal statute which provides this court subject matter jurisdiction under Title 28 U.S.C. § 1331. As such, this court hereafter will view plaintiff's complaint as asserting a cause of action under the Fair Credit Reporting Act, a federal statute, and causes of action under Mississippi statutes, §§ 75-9-501, et seq., and 83-11-5, et seq.[6] Plaintiff's motion to remand, thus, should be and is denied.

---

**6.** The court assumes supplemental jurisdiction over these state law claims as authorized by Title 28 U.S.C. § 1367(a) which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."