**Lloyd D. ELARTON Plaintiff**

v.

**FIRST NATIONAL BANK OF ONAGA, Kansas; Chemical States Marketing, LLC; and Dan Smith Defendants**

**No. CIV.A. 301CV34WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 28, 2001.

Carroll H. Ingram, Ingram & Associates, Hattiesburg, Dewitt L. Fortenberry, Jr., Fortenberry Law Firm, PLLC, Mendenhall, for Lloyd D. Elarton, plaintiffs.

John (Jack) W. Land, Mark A. Nelson, Bryan, Nelson, Randolph and Weathers, Hattiesburg, Gregory J. Bien, Martha A. Peterson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, LLC, Topeka, KS, for First National Bank of Onaga, Kansas, Chemical States Marketing, LLC, Dan Smith, defendants.

## ORDER REMANDING CASE TO STATE COURT

WINGATE, District Judge.

Before the court is plaintiff's motion asking this court under the authority of Title 28 U.S.C. § 1447(c)[1] to remand this cause to the Circuit Court of Pike County, Mississippi, where this lawsuit originated. Complaining that he had been the victim of an illegal financial investment scheme, plaintiff Lloyd D. Elarton filed the instant action in that state court against defendants First National Bank of Onaga, Kansas ("First National"); Chemical State Marketing, LLC ("Chemical States"); and Dan Smith, an individual, asserting claims of fraud, breach of contract, negligence,

---

1. Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a) .... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

constructive trust, and breach of fiduciary duty under the laws of Mississippi.

The above-named defendants timely removed the state-filed action to this court, alleging that this court has original federal question jurisdiction under Title 28 U.S.C. § 1441(a),[2] (b)[3] and § 1331,[4] more specifically, that this court has jurisdiction over this dispute pursuant to the All Writs Act, Title 28 U.S.C. § 1651(a).[5]

Having reviewed the parties' submissions and the relevant law, this court finds that the plaintiff's motion to remand is well-taken. This court is not persuaded, as argued by the defendants, that the All Writs Act, here, vests this court with jurisdiction over this otherwise non-removable state law cause of action. The court's reasoning is set out below.

## FACTUAL BACKGROUND

Plaintiff opened an Individual Retirement Account ("IRA") with First National, depositing into this account approximately $176,000. The plaintiff employed Defendant Dan as his IRA account representative, thereby authorizing Smith to invest monies on the plaintiff's behalf.

The plaintiff claims that Smith and his employer, Central States Marketing, persuaded plaintiff to invest his life savings, $175,955.50, in a pyramid or ponzi scheme operated by Chemical Trust. The plaintiff alleges that he received a package of materials from the defendants describing the nature of the investment in Chemical Trust. According to the plaintiff, the materials contained a number of false and misleading statements regarding Chemical Trust, the security of the investment, and the financial strength of Chemical Trust. The plaintiff further claims that he was told that his money would be invested in bank notes which would be purchased from large banks regulated by the Federal Reserve. To the contrary, the plaintiff contends, his money was not used to purchase bank notes, and was not underwritten or secured by a surety company. Instead, the plaintiff claims, his money was deposited under arrangements between Chemical Trust and First National.

Under this ponzi or pyramid scheme, existing investors did not receive interest payments from their own investments as would normally be the case. Rather, payments, if any, made to the investors came from the investment funds of new investors. Through this ponzi scheme, says the plaintiff, the defendants formed an enterprise designed to defraud the plaintiff inducing him to invest his monies into the scheme.

According to the plaintiff, Defendant First National, as the custodian bank, acted as a conduit for the transfer of his money to Defendant Chemical Trust. The

2. Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. Title 28 U.S.C. § 1441(b) states in pertinent part that, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

4. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Title 28 U.S.C. § 1651 provides: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

plaintiff further complains, that as custodian, the bank

without any investigation whatsoever into the Chemical Trust "guaranteed contracts." In their roles as custodians and caretakers of Plaintiffs funds, the Bank obtained the Plaintiff's funds by entering into an arrangement with Chemical Trust, and thereafter failed to maintain the funds of the Plaintiff in a reasonable manner by allowing funds to be diverted to various other banks and accounts at the sole direction of Chemical Trust.

Pl.'s Compl. at ¶ 14. The plaintiff's complaint further alleges:

The Bank was vital to the operation of the enterprise. The Bank, through its representatives and employees knew that they would function as a conduit, whereby Plaintiff's funds would initially be used to open an account at the Bank, and thereafter be diverted to various locations at the direction of Chemical Trust under the guise of "guaranteed contracts." The Bank knew or should have known that Plaintiffs [sic] proceeds were illegally obtained, but knowingly directed and allowed such proceeds to be diverted from Plaintiffs [sic] account into the Chemical Trust scheme. The Bank's involvement with the enterprise likewise perpetuated a false sense of credibility to the Plaintiff.

Pl.'s Compl. at ¶ 17.

Based on these allegations, the plaintiff sought relief in state court for fraud, breach of contract, negligence, constructive trust, and breach of fiduciary duty. The defendants removed that action to this court, prompting the plaintiff's motion to remand that is presently before the court.

## APPLICABLE LAW FOR REMOVAL

■ The party seeking to remove an action to federal court bears the heavy burden of demonstrating that the removal to federal court is proper. *Washington v. Direct Gen. Ins. Agency, Inc.*, 130 F.Supp.2d 820, 823 (S.D.Miss.2000). "Further, the removal statutes are strictly construed, and all doubts will be resolved against a finding of proper removal." *Id.* (citing, *inter alia, Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

■ Removal is proper under Title 28 U.S.C. § 1441(b) if the district court would have had original federal question jurisdiction over the matter when it was filed. That is, "removal is appropriate if the action could have been filed originally in federal court." *Washington*, 130 F.Supp.2d at 823. When removal is based on federal question jurisdiction, the federal question must be presented on the face of the plaintiff's well-pleaded complaint as it exists at the time of removal. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir.1998). Pursuant to the "well-pleaded complaint rule," federal courts have original jurisdiction and, thus, removal jurisdiction over cases where, when considering the plaintiff's well-pleaded complaint, the cause of action is created under federal law or the plaintiff's remedy depends on the resolution of a substantial question of federal law. *Washington*, 130 F.Supp.2d at 823.

## ANALYSIS

Here, defendants admit that the plaintiff's well-pleaded complaint asserts no causes of action arising under federal law; rather, the defendants argue that removal of the instant case was proper under the All Writs Act, Title 28 U.S.C. § 1651. The defendants theorize that this lawsuit should remain here because a state court intervention and adjudication potentially could undermine or frustrate federal court orders entered by the United States District Court for the District of South Car-

olina and the United States District Court for the District of Kansas. On January 7, 2000, the United States District Court for the District of South Carolina placed defendant Chemical Trust into receivership pursuant to Title 21 U.S.C. § 853[6] (the "South Carolina Order"). And, on April 27, 2001, the United States District Court for the District of Kansas granted summary judgment to defendant First National in an unrelated case, but involving similar claims (the "Kansas Order"). As earlier stated, defendants argue that the orders, the South Carolina Order and the Kansas Order, might somehow be undermined or contradicted if this lawsuit be returned to state court.

### Removal Under the All Writs Act

Some circuits have held that the All Writs Act may provide a basis for removal under certain, exceptional circumstances. *See,* e.g., *NAACP v. Metropolitan Council,* 144 F.3d 1168, 1170–71 (8th Cir.1998); *Davis v. Glanton,* 107 F.3d 1044, 1047 n. 4 (3d Cir.1997); *Sable v. General Motors Corp.,* 90 F.3d 171, 175 (6th Cir.1996); *In re VMS Sec. Litig.,* 103 F.3d 1317, 1323 (7th 1996); *In re Agent Orange Prod. Liab. Litig.,* 996 F.2d 1425, 1431 (2d Cir. 1993). The Second Circuit's opinion in *In re Agent Orange* has probably drawn the most attention, holding that a district court may allow removal of an otherwise unremovable state court case "in order to 'effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" 996 F.2d at 1431 (quoting *United States v. New York Tel. Co.,* 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977)). In *In re Agent Orange,* the Court found that exceptional circumstances for removal existed where members of a class action suit, which was the subject of a previous settlement order by the district court, sought to maintain separate actions in state court. *Id.* at 1431. While recognizing that "the All Writs Act is not a jurisdictional blank check which district court may use whenever they deem it advisable," the Court nevertheless concluded that pursuit of separate causes of action by class members of a previously settled class action suit would have a "deleterious effect on the [prior] settlement," and, thus, constituted exceptional circumstances sufficient to confer removal jurisdiction upon the federal district court. *Id.*

---

**6.** Title 21 U.S.C. § 853(e) provides in pertinent part:

(e) Protective orders

(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section—

(A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; or

(B) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the proper-

ty and opportunity for a hearing, the court determines that—

(i) there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

(ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered:

Provided, however, That an order entered pursuant to subparagraph (B) shall be effective for not more than ninety days, unless extended by the court for good cause shown or unless an indictment or information described in subparagraph (A) has been filed.

The Ninth, Tenth and Eleventh Circuits disagree, holding that the All Writs Act cannot serve as the basis for federal question and, thus, removal jurisdiction. *See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 937 (9th Cir.1993); *Hillman v. Webley*, 115 F.3d 1461, 1469–70 (10th Cir.1997); *Henson v. Ciba–Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir.2001). These cases hold that the Act does not operate to confer jurisdiction, that instead the Act may be invoked by a district court only in aid of jurisdiction already obtained. *Hillman*, 115 F.3d at 1469–70; *Henson*, 261 F.3d at 1070 (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 119 S.Ct. 1538, 1542, 143 L.Ed.2d 720 (1999) and citing *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 40, 106 S.Ct. 355, 360, 88 L.Ed.2d 189 (1985)) (second alteration in original).

The *Henson* court enunciated its disturbance with *In re Agent Orange* and like decisions as follows:

> The most troubling counterargument, and the one that the Second, Sixth, and Eighth Circuits ultimately rely on, is that the All Writs Act is jurisdictional caulk—it plugs the cracks in federal jurisdiction through which crafty litigants can escape the effect of a federal order. *See United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977) (articulating this broad view of the All Writs Act's purpose). Therefore, the argument goes, the Act authorizes any exercise of authority that is convenient for effectuating a federal judgment, including the exercise of removal jurisdiction over a different action whose prosecution is inconsistent with a federal judgment. *See,* e.g., *In re Agent Orange Prod. Liab. Litig.*, 996 F.2d at 1431. This reasoning is tempting in a case like ours, but it goes too far. Too elastic an interpretation of the All Writs Act perverts it from a tool for effectuating Congress's

intent in conferring jurisdiction on the lower federal courts into a device for judicially re-equilibrating a state-federal balance that is Congress's to strike. By requiring complete diversity in § 1332, and by limiting the time for removal of diversity cases to one year after their commencement, Congress has decided that Henson does not belong in federal court. The All Writs Act, even as jurisdictional caulk, should not allow us to override Congress's decision unless no other reasonable way appears to ensure that the federal court's orders are heeded. *See Clinton,* 119 S.Ct. at 1543. The district court did not need to exercise jurisdiction over Henson when it had the ready remedy of an injunction against prosecution of the action, properly issued under the All Writs Act.

261 F.3d at 1070–71.

Our Circuit, the Fifth Circuit Court of Appeals, has yet to add its definitive voice whether the All Writs Act may provide the basis for removal jurisdiction under extraordinary circumstances. Perhaps the Court has offered a hint.

While reserving resolution of this issue, in *Texas v. Real Parties in Interest* (*"RPI"*), 259 F.3d 387 (5th Cir.2001), the Fifth Circuit questioned the vitality of the holdings in *In re Agent Orange* and like cases. Beginning with the basic premise, at least in this Circuit, that the All Writs Act " 'is not an independent grant of jurisdiction,' " the Court reviewed the decisions in *In re Agent Orange* and *VMS Securities. Id.* at 392. Based on a recent United States Supreme Court decision, *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), the Court concluded that "the principle reflected in both *Agent Orange* and *VMS Securities*—that an otherwise non-removable action is removable under the All Writs

Act—must be questioned." *RPI*, 259 F.3d at 393.

In *Rivet*, a Bankruptcy Court approved the sale of a leasehold estate to a Bank and, after acquiring the entire property, the Bank sold the land to Fountainbleau Storage Associates (FSA). The holders of a second mortgage on the land sued in state court, alleging that the property had been transferred in the bankruptcy proceeding without satisfying their rights as mortgage holders. FSA removed the state action to federal court, arguing that the Bankruptcy Court's orders had resolved the petitioners' rights and that the All Writs Act provided federal-question jurisdiction for the case to be removed for federal court resolution. *RPI*, 259 F.3d at 393. The United States Supreme Court rejected the notion that the All Writs Act conferred federal question and, thus, removal jurisdiction over that action contesting the transfer of property, which was approved by order of a Bankruptcy Court.

Commenting upon the import of the *Rivet* decision, the Fifth Circuit observed:

The Supreme Court thought the argument a poor one; it held that claim preclusion based on a prior federal judgment is a defensive plea that provides no basis for removal. In so holding, the Court embraced a strict reading of 28 U.S.C. § 1441 (the removal statute) and reemphasized the limited circumstances under which an action in state court can properly be removed to federal court. With *Rivet* standing as sentry, it would be bold indeed to read the All Writs Act as authorizing removal of an otherwise unremovable action.

*RPI*, 259 F.3d at 393–94.

Although the Fifth Circuit appeared to have taken aim at *In re Agent Orange's* "exceptional circumstances" basis for removal under the All Writs Act, the Court declined to pull the trigger, saving resolution of the issue for another day and a more inviting factual scenario.

In *RPI*, the State of Texas sued the tobacco industry and received a settlement in that case. The State later sued the legal counsel representing it in litigation against the tobacco industry, questioning the legitimacy of the contingency fees awarded to counsel. 259 F.3d at 388. Texas instituted a pre-litigation investigation of possible fraud and breach of fiduciary duty claims against its former legal counsel. *Id.* The counsel thereafter removed the action to federal court, invoking the All Writs Act, contending that allowing the matter to proceed in state court would affect the integrity of the settlement order entered by the district court in the tobacco industry litigation. *Id.* The district court agreed and held that the All Writs Act conferred jurisdiction; the Fifth Circuit reversed. The court reasoned,

[e]ven accepting the remote proposition that removal still can be proper under the All Writs Act in the face of 'extraordinary circumstance,' and further accepting that the procedural requirements for removal under § 1441 pose no barrier to the use of the All Writs Act to bring a state court matter into federal court, the [proceeding] in this case clearly does not present such facts or circumstances.

*Id.* at 394 (footnotes omitted).

In reaching its conclusion, the court noted that the action instituted by the State of Texas posed no "actual threat" to the prior settlement agreement. *Id.* at 395. And, absent demonstration of an actual threat to the integrity of the proposed settlement agreement, said the Fifth Circuit, the removing party could not invoke the All Writs Act as a basis for federal court jurisdiction. *Id.* So, while the Fifth Circuit questioned the vitality of the reasoning undergirding removal under the All

Writs Act for exceptional circumstances, the Court did not unequivocally take a stance.

## Whether Removal Was Proper in the Instant Case

Two principle reasons persuade this court to grant remand. First, this court seriously doubts the viability of the All Writs Act to bestow federal question jurisdiction and, thus, removal jurisdiction upon state court actions not otherwise removable to federal court. Secondly, even assuming, however, that the principle announced in *In Re Agent Orange,* and like cases, may become the law of this Circuit, i.e., that where exceptional circumstances are present, removal may be predicated on the All Writs Act, this court concludes that no such exceptional circumstances exist in the present case where the All Writs Act would confer federal question, or removal jurisdiction, upon this court.

This court's decision in *Sims v. Shell Oil Co.,* 130 F.Supp.2d 788 (S.D.Miss.1999), is instructive. In *Sims,* the defendant removed a state court action involving contract claims for the alleged violations of oil and gas royalty contracts to federal court, claiming that this court had jurisdiction pursuant to the All Writs Act. The defendant there argued that prior orders of this court in a class action suit, "the Piney Woods litigation," where certain class plaintiffs sued the same defendant under a similar or the same royalty contract, were "inextricably related" to the removed action. *Id.* at 791. Thus, the defendant argued, resolution of the removed action filed by non-class action plaintiffs "would require whatever court to which the lawsuit *sub judice* is assigned to interpret various orders and decisions of this court during the 23 years of the Piney Woods litigation." *Id.* Particularly, the defendant argued that the *Sims* plaintiffs' complaint was premised in part on the defendant's conduct in the Piney Woods litigation and that the plaintiffs already had sought to depose the defendant on various procedural and substantive defenses relied upon by the defendant during the 23–history of the Piney Woods litigation. *Id.* at 796.

This court rejected the defendant's argument in that case. In reaching its conclusion, the court stated:

> Plaintiffs are entitled to pursue their claims in state court without this court's interference, inasmuch as this court has issued no orders which could conceivably limit the state court's jurisdiction to handle litigation involving plaintiff who were not part of the Piney Woods class. Even the punitive damage claim of plaintiffs, which alleges damages based upon Shell's alleged refusal to pay royalties that Shell owed to plaintiff as determined by the Piney Woods litigation, merely relates to the Piney Woods litigation in general and does not pose a threat to the previously issued orders or judgments of this court. There are simply no explicit, ongoing orders which are in jeopardy of being relitigated or collaterally attacked in the state forum. In the state forum, plaintiffs' suit will be subject to the same defenses as in this forum. Plaintiffs have even acknowledged that they are ready and willing to accept *Piney Woods* as binding Mississippi law on the issues addressed in that litigation.

*Id.* at 795–96. Importantly, the court continued, "[a]lthough [the defendant] maintains that this court is in the best position to understand the avalanche of previously entered orders in the *Piney Woods* litigation, the state court is perfectly capable of reading those opinions and resolving issues of collateral estoppel and/or res judicata." *Id.* at 796. The court further reasoned that "inasmuch as many of the orders which, according to defendant, need 'interpretation' were not issued by the under-

signed, this court is not persuaded that it is better suited than the state court to make such an interpretation." *Id.*

In the case at bar, defendants argue that adjudication of the plaintiff's cause of action in state court threatens to undermine the integrity of both the Kansas Order and the South Carolina Order entered by the respective district courts. This court, however, is not so persuaded.

■ The whole of the defendants' argument as it relates to the Kansas Order is that:

> The United States District Court for the District of Kansas, on April 26, 2001, entered summary judgment on claims alleged against FNB based on the same facts and causes of action alleged in this action. The only difference between the Kansas case and the Mississippi case is that the Kansas case involved 110 plaintiffs from a half dozen states who opened self-directed IRAs with FNB and who alleged not only common law claims, but also claims against FNB for securities fraud and violation of RICO. The United States District Court for the District of Kansas entered summary judgment for FNB on the securities fraud and RICO claims and on common law claims for negligence, breach of contract and breach of fiduciary duty, as well as various other claims. . . .
>
> FNB has argued that this court has jurisdiction over this case pursuant to the All Writs Act, 28 U.S.C. § 1651, because any decision by the state court could potentially undermine or frustrate federal court orders issued by a United States District Court. This is even more true now. The fact that a federal court has already determined that FNB did not breach any duties in handling IRAs would be undermined by a decision by a state court to the contrary.

Supplement to Resp. to Mot. to Remand at 1–2. The Kansas Order, however, by which defendant First National was granted summary judgment on similar but unrelated claims, does not involve litigation by the plaintiff, nor does it involve litigation of the plaintiff's claims against defendant First National. Further, to the extent that the defendants seek to argue that the Kansas Order is somehow binding on the plaintiff or dispositive of claims asserted by the plaintiff, such argument is captured essentially by the doctrines of collateral estoppel and res judicata, which the state court is fully capable of resolving. Moreover, the United States Supreme Court has held that such issues, i.e., issues of collateral estoppel and res judicata, are defensive pleas which do not provide grounds for removal. *See Rivet v. Regions Bank of La.,* 522 U.S. 470, 478, 118 S.Ct. 921, 926, 139 L.Ed.2d 912 (1998).

Likewise, this court does not believe that remand to state court would pose an actual threat to the South Carolina Order placing defendant Chemical Trust into receivership. Indeed, the defendants have failed to flesh out their skeletal argument with any specific assertions. This court reiterates that removal under the All Writs Act, if at all appropriate, is only proper where the circumstances are such that they "indisputably demand such a course of action as absolutely necessary to vouchsafe the central integrity of the federal court judgment." 259 F.3d at 395.

■ In support of their contention that the plaintiff's state court action poses an actual threat to the South Carolina order, the defendants declare:

> The receiver was appointed so that he could proceed with the marshaling of all of the assets of Chemical Trust and make provision for return to the investors of their pro rata share of funds recovered from Chemical Trust and various other entities. FNB has already been required to turn over any funds in its possession which were to be invested

in Chemical Trust through Individual Retirement Accounts administered by FNB (See Att. J) To allow each individual investor to pursue claims involving funds which have already been or should have been transferred to the Receiver will substantially interfere with the Receiver's duties.

Resp. to Pl.'s Mot. to Remand at 5. Defendants further contend that the receiver appointed by the federal court should be an indispensable party, or a preferable party, in the plaintiff's state court action. Even if so, this conclusion would not amount to an exceptional circumstance. Defendants are quite free under the Mississippi Rules of Civil Procedure join the receiver. Specifically, Rules 19[7] and 20[8] allow for both necessary and permissive joinder, respectively. Further, if the defendants believe that the receiver is the real party in interest, Rule 17(a) of the Mississippi Rules of Civil Procedure would govern. Under Rule 17(a),[9] the parties

---

**7.** Rule 19, Mississippi Rules of Civil Procedure provides in pertinent part:

(a) **Persons to Be Joined if Feasible.** A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff.

(b) **Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

**8.** Rule 20, Mississippi Rule of Civil Procedure provides in pertinent part:

(a) **Permissive Joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

**9.** Rule 17(a), Mississippi Rules of Civil Procedure provides:

(a) **Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. No action shall be dismissed on

may use the joinder rules to join any party who is considered the real party in interest in a matter.

The defendants have not sought to avail themselves of any of these remedies available under the Mississippi Rules of Civil Procedure. Accordingly, this court cannot conclude that invocation of the All Writs Act as a basis for removal of the plaintiff's case to federal court is indisputably and absolutely necessary to protect the integrity of the South Carolina Order.

Finally, as noted by this court in *Sims*, neither the South Carolina Order nor the Kansas Order was entered by this court. This court therefore concludes that it is in no better position than the state court to address the implications of these orders on the plaintiff's state law cause of action.

## CONCLUSION

For the foregoing reasons, this court finds that removal jurisdiction in the instant case cannot be predicated upon the All Writs Act. Further, this court finds no other basis for federal question jurisdiction. Accordingly, this court hereby grants the plaintiff's motion to remand this action to the Circuit Court of Pike County, Mississippi.

---

the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of,

the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.