Doris CALDWELL; Susan H. McCarty, Jim H. McCarty, Jr.; Carolyn Winters, Bobby G. Winters; Macy Houston, John F. Houston, III Plaintiffs

v.

AMERICAN HOME PRODUCTS CORPORATION, Wyeth–Ayerst Laboratories Division of American Home Products Corporation, A.H. Robins Company, Incorporated, Dr. Jerry A. Fortenberry; Dr. Louisa Lawson; Dr. Harold Wheeler; Dr. Calvin T. Hull; Dr. Robert F. Cooper Defendants

No. CIV.A. 2:02CV111PG.

United States District Court, S.D. Mississippi, Hattiesburg Division.

July 3, 2002.

Lawrence E. Abernathy, III, Laurel, MS, Merrida P. Coxwell, Jr., Charles Richard Mullins, Coxwell & Associates, PLLC, Jackson, MS, Robert K. Morgan, Varas & Morgan, Madison, MS, for Doris Caldwell, Susan H McCarty, Jim H McCarty, Julia Campbell, Archie Campbell, Carolyn Winters, Macy Houston, John F Houston, III, plaintiffs.

William M. Gage, Jennifer A. Hawks, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for American Home Prod-ucts Corporation, Wyeth–Ayerst Laboratories, A.H. Robins, Co., defendants.

Tommie Gregory Williams, J.L. Wilson, IV, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, for Harold Wheeler, defendant.

### MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Plaintiffs' Motion to Remand. The Court having reviewed the Motion, Response, Reply, the Briefs of counsel, the authorities cited, the pleadings and exhibits on file, finds as follows:

### FACTS/PROCEDURAL HISTORY

Plaintiffs filed their Complaint in the Circuit Court of Jones County, Mississippi, on March 25, 2002. Plaintiffs are all individuals who allege claims derived from the use of Defendants' products, either by themselves, or through their spouses. Their Complaint sets forth various State law claims, and expressly disclaims any federal rights or causes of action. Plaintiffs have exercised their Intermediate Opt–Out rights, as outlined by the Nationwide Class Action Settlement Agreement with American Home Products.

After all Defendants were served with process, they filed a joint notice of removal. Defendants removed on the grounds of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334, 1452, as a case "relating to" a bankruptcy case under Title 11 of the United States Code, as well as the *All Writs Act.*

The bankruptcy ground for removal was premised upon one of the nine Plaintiffs having filed bankruptcy. Her bankruptcy estate was closed prior to the commencement of this litigation and long before removal. Plaintiffs filed their Motion to

Remand on April 22, 2002. Plaintiffs deny applicability of the *All Writs Act,* or bankruptcy jurisdiction. Alternatively, Plaintiffs insist that the Court either mandatorily or permissively abstain from exercising jurisdiction over the matter. Defendants counter that remand is inappropriate, that the cause of action is "related to" and a "core proceeding" under Title 11, that equity and discretion do not support remand, and that the *All Writs Act* supports Removal.

On July 2, 2002, this Court entered an Order severing the claims of Julia Campbell and Archie Campbell, the bankruptcy Plaintiffs, from this cause. The Court will address the bankruptcy issue in a separate opinion in the severed cause.

### REMAND AND FEDERAL JURISDICTION

■ Through decades of Supreme Court jurisprudence, it is axiomatic that federal courts are courts of limited jurisdiction. "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Marathon Oil Co. v. Ruhrgas,* 145 F.3d 211, 216 (5th Cir.1998) (en banc). Under our doctrine of "federalism" this Court should not usurp authority over cases that are properly in state court. See *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979).

■ "The party who brings a suit is master to decide what law he will rely upon." *Willy v. Coastal Corp.,* 855 F.2d 1160, 1167 (5th Cir.1988). See also *Healy v. Sea Gull Speciality Co.,* 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915). "The plaintiff has the prerogative of determining the theory of his action and ... may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal

jurisdiction." *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976). "A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986). The burden of establishing federal jurisdiction is on the removing party, *Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921), and remand is proper where doubt exists as to the right of removal. *Jones,* 541 F.2d at 664.

"[I]f a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal." *Carpenter v. Wichita Indep. Sch. Dist.,* 44 F.3d 362, 367 (5th Cir.1995) (*citing Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391, n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). The fact that plaintiff could have alleged viable federal claims is of no moment. By electing to disclaim all federal claims, plaintiffs will be precluded from trying federal claims in the state court, and will probably be precluded from ever presenting these possible federal claims, but that does not prevent plaintiff from being entitled to remand.

### ALL WRITS ACT

■ The Defendants contend that this Court has jurisdiction and that removal is proper pursuant to the *All Writs Act,* 28 U.S.C. § 1651. However, the law in this circuit is clear that the *All Writs Act* does not provide an independent basis for federal jurisdiction and is not a proper basis for removal, except in "extraordinary circumstances." *Texas v. Real Parties In Interest,* 259 F.3d 387, 392 (5th Cir.2001). The

Court notes that the *All Writs Act* may be utilized to enjoin state court proceedings when those actions threaten to disrupt earlier orders of the Court. *Id.* The United States Supreme Court case. *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), stands for the proposition that it would be bold indeed to read the *All Writs Act* as allowing an otherwise unremovable action to be removed. *Id.* In fact, the Fifth Circuit in *Texas v. Real Parties In Interest,* held:

> ... [W]e will not decide today whether, under "extraordinary circumstances," the case may be "removed" to federal court under the *All Writs Act.* In the absence of such extraordinary circumstances, however, that indisputably *demand* such a course of action as absolutely necessary to vouchsafe the central integrity of the federal court judgment, we hold that the *All Writs Act* cannot be employed as a vehicle for removal.

259 F.3d at 395 (emphasis in original). The Court recognized that there may be an exception for cases that involve "extraordinary circumstances." Nevertheless, it characterized as "remote" the possibility that removal is proper under the *All Writs Act,* even in the presence of "extraordinary circumstances." *Id.* at 394.

■ This Court is not persuaded that the Defendants have carried their heavy burden of demonstrating the existence of federal jurisdiction. Defendants have not demonstrated "extraordinary circumstances" that could conceivably justify removal under the *All Writs Act.* In light of the Supreme Court's holding in *Rivet* and the Fifth Circuit's holding in *Texas,* this Court doubts the viability of the *All Writs Act* to bestow federal jurisdiction and, thus, removal jurisdiction upon state court actions not otherwise removable to federal court. See *Elarton v. First Nat'l Bank of Onaga,* 189 F.Supp.2d 574, 581 (S.D.Miss. 2001).

Counsel for Plaintiffs, as officers of this Court, have represented that they are not seeking any damages that are prohibited under the class action settlement. This Court has no reason to question the representation of counsel for Plaintiffs. Besides, the settlement agreement limits the damages which Plaintiffs may seek. Wyeth may challenge whether the class members are eligible to exercise the opt-out right or whether Plaintiffs seek damages not allowed under the Settlement Agreement in the Circuit Court of Jones County. The state court is fully capable of resolving such issues. *Elarton,* 189 F.Supp.2d at 582. If Plaintiffs seek to collect damages contrary to the settlement agreement, then Defendants may seek an injunction before this Court.

The Court notes that various defense counsel are routinely filing actions before this Court seeking to establish jurisdiction under the *All Writs Act.* Based on the *Rivet* and *Texas* decisions, this Court has concluded that as a practical matter the *All Writs Act* cannot form the basis for removal jurisdiction. Certainly, controlling case law makes it clear that the *All Writs Act* does not provide jurisdiction when there is nothing more than an anticipatory breach or violation of a federal court order or decree. But the party seeking relief from such a violation of a federal court order is not left without a remedy. The remedy is an injunction.

The Court recognizes that using the injunctive statutes is more difficult for Defendants than removal, and that removal is more difficult for Plaintiffs, but in the mind of this Court the case law is settled in the Fifth Circuit. The *All Writs Act* is not an independent basis for establishing federal jurisdiction, thus permitting removal. Until the Fifth Circuit or the Su-

preme Court rules to the contrary, counsel are advised not to use the *All Writs Act* as a basis for removal to this Court.

This Court, as noted above, previously severed the claims of Julia Campbell and Archie Campbell from this case. Consequently, there is no need for the Court to address the bankruptcy issue in this opinion. Based upon the above, the claims of the remaining Plaintiffs should be remanded to State Court.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for stay of proceedings pending transfer to MDL is denied.

IT IS FURTHER ORDERED AND ADJUDGED Plaintiffs' request for reasonable attorney's fees and costs incurred is denied.

IT IS FURTHER ORDERED AND ADJUDGED that this cause, absent the Campbell claims, be and the same is hereby remanded to the court from whence it came. The Clerk is directed to forthwith return the file in this case to that Court, with a certified copy of this Order.